IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLIFFORD LEE RUSH, | ) | 4:12CV3064 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRENDA R. FISHER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on April 3, 2012. (Filing No. 1.) Plaintiff was previously given leave to proceed in forma pauperis, and paid the initial partial filing fee on April 25, 2012. (Filing No. 6; *see also* Docket Sheet.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I. **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint against one Defendant, Brenda R. Fisher ("Fisher"). (Filing No. 1 at CM/ECF p. 1.) Plaintiff identifies Fisher as an employee of "Lancaster County Jail." (*Id.* at CM/ECF p. 2.) Plaintiff is currently incarcerated at Lancaster County Jail. (*Id.* at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that Fisher "in bad faith" and "due to the policy and practice of the Lancaster County Programes [sic]," notarized several of Plaintiff's documents "knowing that her notary" expired on March 5, 2012. (*Id.* at CM/ECF pp. 4, 8-9.) Plaintiff alleges that Fisher's actions violated his "federal constitutional rights," and requests $2,000 in damages and that the court "fix the problem." (*Id.* at CM/ECF pp. 5-6.)

II. **APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW**

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any

portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff names Fisher as the sole Defendant in this matter. (Filing No. 1 at CM/ECF p. 1.) Regarding Fisher, the court notes that, where a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants. *See, e.g., Baker v. Chisom*, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants);

*Johnson*, 172 F.3d at 535 (assuming official capacity claims and affirming grant of summary judgment in favor of county sheriffs). Further, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, Plaintiff did not specify the capacity in which the sole, individual Defendant, Fisher, is sued. (Filing No. 1.) Therefore, as set forth above, the court assumes that Fisher is sued in her official capacity only. Further, the claims against Fisher, in her official capacity, are actually claims against her employer, Lancaster County, Nebraska.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington Cnty.*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:
    1)     The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

    2)     Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

    3)     That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County or its employees, or that Lancaster County's policymaking officials were deliberately

3

indifferent to or tacitly authorized any unconstitutional conduct on the part of Fisher. (Filing No. 1.) Moreover, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries, or any actual injury caused by Fisher. (*Id.*) Accordingly, Plaintiff has failed to allege sufficient facts under the *Jane Doe* standard to "nudge" his claims against Lancaster County across the line from conceivable to plausible.

However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Lancaster County in accordance with the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's prior Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file a sufficient amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **June 4, 2012**, to amend his Complaint and clearly state a claim upon which relief may be granted against Lancaster County, Nebraska, in accordance with this Memorandum and Order. If Plaintiff fails to file a sufficient amended complaint, Plaintiff's Complaint will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **June 4, 2012**, and dismiss if none filed.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated this 3rd day of May, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.