IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLIFFORD LEE RUSH, | ) | 4:12CV3064 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| BRENDA R. FISHER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on its own motion.  On May 3, 2012, the court conducted an initial review of Plaintiff's Complaint and found that Plaintiff failed to state a claim upon which relief may be granted as to all claims asserted.  (Filing No. 7.)  In particular, the court determined that:

> Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Lancaster County or its employees, or that Lancaster County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct on the part of Fisher.  (Filing No. 1.)  Moreover, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries, or any actual injury caused by Fisher.  (*Id.*)  Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Lancaster County across the line from conceivable to plausible under the *Jane Doe* standard.

(*Id.* at CM/ECF pp 3-4.)  In light of these pleading deficiencies, the court granted Plaintiff an opportunity to amend.

In response, Plaintiff filed a Motion to Amend Complaint (filing no. 8) and an Amended Complaint (filing no. 9).  In his Amended Complaint, Plaintiff merely restates his original Complaint by repeatedly alleging that "[d]ue to the policy and practice of the Lancaster County programes," Defendant is "using her Job as a mere

cover shield" to notarize his motions in violation of his "federal constitutional rights." (*Id.* at CM/ECF p. 1.) Plaintiff does not assert any additional allegations beyond these unsupported and vague statements, and does not allege sufficient facts under the *Jane Doe* standard. (*Id.*) Further, although Plaintiff added "individual and official capacite [sic]" to the caption in the Amended Complaint, Plaintiff's sparse allegations fail to state any claim upon which relief may be granted against Defendant in her individual capacity. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding that, regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim). For these reasons, and the reasons set forth in the court's May 3, 2012, Memorandum and Order, this matter is dismissed without prejudice.

Also pending is Plaintiff's Motion Regarding Filing Fees. (Filing No. 10.) In his Motion, Plaintiff states that he believes "more than 20 percent of [his] monthly account balance" is being sent to the court by his institution. (*Id.*) As the court has previously informed Plaintiff, he must "make monthly payments of 20 percent of the preceding month's income credited to" his account. 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Although he believes otherwise, Plaintiff has not submitted

anything showing that his institution is collecting amounts in excess of those set forth in this procedure.  As such, the Motion Regarding Filing Fees (filing no. 10) is denied.

IT IS THEREFORE ORDERED that:

1.     This matter is dismissed without prejudice because Plaintiff's Amended Complaint (filing no. 9) fails to state a claim upon which relief may be granted.

2.     A separate judgment will be entered in accordance with this Memorandum and Order and the court's May 3, 2012, Memorandum and Order.

3.     The Clerk of the court is directed to place the "28USC1915(g)_STR" flag on this matter.

4.     All other pending Motions are denied.

DATED this 6th day of July, 2012.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

––––––––––––––––––––––––
        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

3